UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE No.3:23-CR-11 DRL-MGG |
| | ) | |
| JESSIE WARREN, | ) | |
| | ) | |
|     Defendant. | ) | |

**OPINION AND ORDER**

Pending and ripe before the Court is the Defendant's Motion to Reconsider Order of Detention [DE 17], and the Government's Response to Defense's Request to Reconsider Order of Detention [DE 26]. Pursuant to 18 U.S.C. § 3142 et seq., the Court conducted an in-person hearing on August 9, 2023, where the Government appeared by AUSA Gabrielse and the Defendant, Jessie Warren (Warren), appeared in person and by Attorney Scott Frankel. At the hearing, the Court accepted testimony and proffer, and admitted exhibits from the Government and the Defense. Following the hearing, the Court took this matter under advisement.

**BACKGROUND**

Warren was indicted on February 8, 2023, and charged with one count of possession with intent to distribute more than 50 grams of methamphetamine in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A)(viii), and one count of felon in possession of a firearm in violation of 18 U.S.C. 922(g)(1). [DE 1] On February 22, 2023, this Court presided over a contested hearing on the question of pre-trial detention, and then issued an Order of Detention [DE 13]. In its Order, the Court found

that, based on the findings and analysis of the matters enumerated in the pretrial services report and as stated on the record in open court at the detention hearing, there were no conditions or combination of conditions of release would reasonably assure the appearance of the defendant as required or the safety of the community [Id.]. As Warren is charged with a narcotic distribution offense under 21 U.S.C. § 841(a)(1) and (b)(1)(A)(viii) and a firearm offense under 18 U.S.C. 922(g)(1), these findings were based, in part, on the presumption in favor of detention that applies to drug-and-firearm offenders under 18 U.S.C. § 3142(e). See also, *United States v. Daniels*, 772 F.2d 382, 383 (7th Cir. 1985) (discussing the drug-and-firearm presumption). Following the February detention hearing, Warren was detained, remanded to the custody of the U.S. Marshal, and placed at the St. Joseph County Jail. Now, Warren has filed a Motion to Reconsider Order of Detention due to the onset of diabetes following his detention hearing. [DE 17].

## STATUTORY FACTORS AND ANALYSIS

Of course, pursuant to 18 U.S.C. § 3142, a Defendant may request the reconsideration of an order of pre-trial detention. A detention hearing "may be reopened, before or after a determination by a judicial officer, at any time before trial if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and has material bearing on the issue of whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community." 18 U.S.C. § 3142(f). Additionally, 18 U.S.C. § 3142(i) provides, in relevant part:

> The judicial officer may, by subsequent order, permit the temporary release of the person, in the custody of a United States marshal or

2

another appropriate person, to the extent that the judicial officer determines such release to be necessary for preparation of the person's defense or for another compelling reason.

Clearly, the onset of Type-2 diabetes is information that was not known by the parties or the Court at the time that Warren was detained on February 8, 2023, and is the type of information that may have "material bearing" on the prior order of detention under 18 U.S.C. § 3142(f). Likewise, the onset of Type-2 diabetes may be "another compelling reason"[1] for temporary release pursuant to 18 U.S.C. § 3142(i). However, before analyzing the reasons for reconsidering the prior Detention Order, the Court needs to evaluate its rationale for Warren's detention in the first place.

In its Order of Detention [DE 13] of February 23, 2023, this Court found that the Defendant posed a risk of flight and a danger to the community. That decision was made by weighing the factors enumerated in 18 U.S.C. § 3142(g), which included: (1) the nature and circumstances of the offense charged – Defendant possessed 50 grams or more of methamphetamine with the intent to distribute and was a felon in possession of a firearm – which are inherently dangerous and potentially violent crimes; (2) the weight of the evidence against the person – the Defendant was arrested in possession of more than one-half pound of methamphetamine and an loaded firearm; (3) the history

---

[1] Not surprisingly, several recent cases have considered requests for release under the "compelling reason" prong of § 3142(i) because of the outbreak of COVID-19. *United States v. Davis*, No. 2:19-CR-74-3-TLS-APR, 2020 WL 1951652, at *2 (N.D. Ind. Apr. 23, 2020), *United States v. Payne*, No. 1:19-CR-29-JRS-DML, 2020 WL 2489723, at *3 (S.D. Ind. Apr. 23, 2020); *United States v. Hernandez*, No. 3-19-CR-346, 2020 WL 1876102, at *2 (N.D. Tex. Apr. 14, 2020). When addressing motions seeking release due to concerns over COVID-19, many courts have utilized the four-factor analysis articulated in United States v. Clark in determining a statutory "compelling reason": "(1) the original grounds for the defendant's pretrial detention, (2) the specificity of the defendant's stated COVID-19 concerns, (3) the extent to which the proposed release plan is tailored to mitigate or exacerbate other COVID-19 risks to the defendant, and (4) the likelihood that the defendant's proposed release would increase COVID-19 risks to others."  *United States v. Clark*, 448 F. Supp. 3d 1152, 1157 (D. Kan. 2020); see also, *Davis*, 2020 WL 1951652, at *2. While the last factor would not apply to Warren's situation, the other factors will be considered.

and characteristics of the person, including criminal history – the Defendant's felony record involved aggravated battery (felony), resisting law enforcement (misdemeanor), possession of a handgun without a license (misdemeanor), possession of a handgun with a prior conviction (felony), and felon in possession of a handgun (federal felony) (where the *res gestae* of the incident included possession of both a handgun and cocaine), (4) whether, at the time of the current offense or arrest, the person was on probation, parole, or other court supervision – while the Defendant was NOT on court supervision at the time of his arrest, he had two prior probation revocations and committed five offenses while on either probation or parole; and (5) the nature and seriousness of the danger to any person or the community that would be posed by the person's release – the Defendant has been convicted repeatedly of illegal possession of firearms and has demonstrated a strong predilection towards recidivism. Furthermore, pursuant to 18 U.S.C. § 3142(e)(3), the statutory presumption in favor of detention applied. Based on weighing these statutory factors, the Court concluded that the Defendant was both a risk of flight and a danger to the community [DE 13].

As noted in the Pretrial Services Report [DE 10], with regard to the incident of December 13, 2022, which led to this indictment, the Defendant was charged initially in St. Joseph Superior Court of one count of felony dealing methamphetamine, one count of felony possession of cocaine, one count of misdemeanor possession of marijuana, and one count of felony possession of a firearm by a serious violent felon. [DE 10, p. 5]. The probable cause affidavit from the State prosecution indicates that on December 13, 2022, law enforcement officers from the South Bend Police Department encountered a man who was sole occupant and was passed out behind the wheel of a Ford F-150

truck. [Id. at p.5-6]. On approach, the officers smelled the odor of marijuana, and upon further investigation, they determined that the driver was Jessie Warren. [Id. at p. 6]. Officers asked him to roll down the window and he instead opened the door. [Id.] At that point in time, the officers observed marijuana and a handgun in the door pocket of the truck. [Id.] Upon searching the vehicle, they found 228 grams of methamphetamine, and upon searching Warren, they found 6.1 grams of cocaine and $700 in U.S. currency [Id]. Subsequently, Warren was indicted by a federal grand jury on February 8, 2023, for possession of more than 50 grams of methamphetamine with intent to distribute and felon in possession of a firearm [DE 1][2]. As such, the Defendant is facing a mandatory minimum term of incarceration of at least ten years, and as much as life in prison, pursuant to 21 U.S.C. § 841(b)(1)(A)(viii).

By the filing of his motion [DE 17], the Defendant requests reconsideration of the Order of Detention [DE 13] that placed him in pretrial custody because his onset of Type-2 diabetes. Although not specifically discuss in the motion, this onset of diabetes may provide a reason for release due to a material change in circumstances pursuant to 18 U.S.C. § 3142(f), and/or may allow for temporary release "for another compelling reason" pursuant to 18 U.S.C. § 3142(i). The Defendant proposed that he be released on home incarceration with other specific terms and conditions and allowed to reside with his fiancée, Emily Ousley, in Mishawaka, Indiana.

Yet, in considering this motion, the Defendant again faces a presumption in favor of detention. *See* 18 U.S.C. § 3142(e). As noted above, the burden is to demonstrate that the Defendant, if released, is not likely to flee and/or not likely to pose a danger to

---

[2] On February 13, 2023, the State charges were dismissed in lieu of the federal prosecution.

the safety of any other person or the community. *Id*. The Court finds that the same factors that applied at the time of the original Order of Detention [DE 13] still apply.

It is noteworthy that the Court had already determined in the pre-trial context that there were no conditions or a combination of conditions that would reasonably assure the appearance of the defendant as required or that would protect the safety of the community [DE 13]. In that context, the Court had also found that the presumption in favor of detention under 18 U.S.C. § 3142(e)(2) applied to the Defendant due to the nature of the charges in the original indictment, specifically possession of more than 50 grams of methamphetamine with intent to distribute in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A)(viii). Congress has noted that drug offenders pose special flight risks because of financial resources and foreign contacts associated with drug trafficking. *See, e.g., United States v. Palmer-Contreras*, 835 F.2d 15, 17 (1st Cir. 1987). Even after determining that the presumption had been rebutted, in part, by the evidence adduced by the Defendant's Counsel at the Detention Hearing, this Court found that the Defendant posed a risk of flight and a danger to the community [DE 13].

In his motion, the Defendant states that circumstances have changed significantly since the Order of Detention [DE 13], was issued on February 23, 2023. First, the Defendant reports that he has experienced the onset of Type-2 diabetes since being detained in the St. Joseph County Jail, and that the consequences of diabetes place him at greater risk of other health conditions. [DE 17, p. 2-3]. He notes that he is experiencing blurred vision, frequent pain in his hands and feet, and dangerous swings in his blood sugar levels. [Id. at p. 1]. He also states that the St. Joseph County Jail is providing meals that contain starch and that are not diabetic appropriate. [Id. at p. 1-2].

6

At the hearing, Warren testified that he felt he was not receiving adequate treatment and that he has actually been overmedicated with insulin. Consequently, Warren has refused – against medical advice – to take insulin and has been taking two 500 mg. doses of metformin (Glucophage) on a daily basis. Warren indicated that his mother and brother both have diabetes, but that this is a new experience for him. He admitted that he does not know how long it takes for his body to adjust to the diabetes medication. He acknowledged that the medical record, dated July 6, 2023, indicated that his diabetes was under good control and stated that his blurred vision and neuropathy seemed to improve. Warren testified he is very concerned about his diabetic condition.

However, the evidence presented at the hearing demonstrates that Warren is receiving appropriate treatment by the medical personnel at the St. Joseph County Jail. He is receiving daily medication to ameliorate the dramatic swings in blood sugar, and his testimony at the hearing bears that out. His blood sugar (A1C) levels are being monitored and he is being provided with a diabetic tray.[3]

Taken as a whole, the evidence demonstrates that Warren is a compliant patient who is appropriately addressing his diabetic condition, but that his release from custody would not ensure that he would receive better treatment than is presently offered by jail personnel. Warren is not the first detainee whom the jail personnel have treated for diabetic symptoms, and it appears that his treatment is tailored appropriately to his individual needs. The record demonstrates that as the treatment has progressed and as

---

[3] Warren testified that he is concerned about the amount of starch in the diabetic tray and has refused to eat it. Warren is not a dietician and his testimony about the tray is speculative. He indicated that peanut butter made his blood sugar level rise, but most foods will have some impact on blood sugar levels.

Warren has become more familiar with symptoms associated with his diabetic condition, his blood sugar levels and other symptoms have stabilized and improved.

The Court is not unsympathetic to the Defendant's concerns. While his concern about the potential long-term consequences of Type-2 diabetes is understandable, his current concerns about the treatment and diet at the St. Joseph County Jail are speculative and based on lack of information about diabetes. Of course, speculation is an insufficient basis for this Court to grant relief under 18 U.S.C. § 3142(f). Likewise, his concern about the medical facilities in the jail does not rise above a generalized fear. An objective review of the present circumstances and a reasonable assessment of the present level of risk faced by the Defendant lead to the conclusion that the jail is able to provide adequate medical treatment for the Defendant, and that the jail also can secure medical treatment for the Defendant outside of the jail as necessary. Based on his present condition, it appears that the Defendant is as safe inside the jail as he would be if released to live in St. Joseph County, Indiana. His generalized fears and speculative claims are insufficient for this Court to find that they have a "material bearing" on the prior order of detention in order to grant relief under 18 U.S.C. § 3142(f). As such, the Defendant has not demonstrated that the present circumstances require his release, especially when considering the Court's prior findings that the Defendant's release would pose both a risk of flight and a danger to the community.

With respect to a "compelling reason" under 18 U.S.C. § 3142(i), the Defendant also has failed to demonstrate an adequate justification for relief for the following

reasons. As noted above, the Court will apply the first three *Clark*[4] factors to determine if Warren presents a compelling reason in the context of Warren's diabetic condition, i.e. (1) the original grounds for the defendant's pretrial detention, (2) the specificity of the defendant's stated medical concerns, (3) the extent to which the proposed release plan is tailored to mitigate or exacerbate other medical risks to the defendant. With respect ot factor one, the Court has already discussed *ad nauseum* the original reasons for the Defendant's detention and finds that those reasons still adhere. As to factor two, the Court has also discussed the generalized and speculative nature of Warren's medical concerns. Finally, for factor three, the Defendant's release plan consisted merely of a desire for home incarnation and did not provide any level of specificity to the type of treatment that would be available to him or describe what treatment would be available that is not already being provided at the jail. That said, in order to ameliorate Warren's concerns, it may be useful for the U.S. Marshal to arrange for him to receive additional written material and information about the care and treatment of Type-2 diabetes.

Based on the foregoing, the Court FINDS that the Defendant has not produced information that has a "material bearing" on the prior detention order under 18 U.S.C. § 3142(f) and has not demonstrated a "compelling reason" for temporary release under 18 U.S.C. § 3142(i). For the reasons stated herein, the Defendant's Motion to Reconsider Order of Detention [DE 17] is **GRANTED** but following reconsideration of the statutory factors relevant to detention and the present circumstances, the Defendant's request for release is **DENIED**.

---

[4] *Clark*, 448 F. Supp. 3d at 1157 (D. Kan. 2020), applied by *Davis*, 2020 WL 1951652, at *2. There are four *Clark* factors, but the last factor – what risk that Warren would pose to the community – does not apply here because Type-2 diabetes in not a contagious disease. Here, only the first three factors will be considered.

SO ORDERED on August 21, 2023.

<u>s/Michael G. Gotsch, Sr.</u>
Michael G. Gotsch, Sr.
United States Magistrate Judge